NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0263n.06
Filed: April 14, 2006

No. 03-6109

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JOHN L. DYKES, | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: MARTIN, GIBBONS, and GRIFFIN, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Defendant-appellant John L. Dykes appeals

the sentence imposed after he pled guilty to a marijuana offense. Dykes argues, pursuant to *United*

*States v. Booker*, 543 U.S. 220 (2005), that the district court erred when it imposed a four-level

sentencing enhancement based on facts neither found by a jury, nor admitted to by the defendant.

Though we find no error in the district court's calculation of Dykes's sentence, the case must be

remanded for resentencing under *United States v. Oliver*, 397 F.3d 369 (6th Cir. 2005).

I.

Dykes was indicted on seven counts relating to producing, distributing and selling marijuana.

He pled guilty to one count of conspiracy to distribute in excess of 100 kilograms of marijuana in

1

violation of 21 U.S.C. § 846, and the other charges were dismissed. The Pre-Sentence Report yielded a base sentencing level of 26. The government sought a two-level enhancement for possession of a firearm, U.S.S.G. § 2D1.1(b)(1), and Dykes did not object. He did object, however, to the government's attempts to seek a two-level enhancement for obstruction of justice, U.S.S.G. § 3C1.1, and a three-level enhancement for role in the offense as a "manager or supervisor" of "five or more participants," U.S.S.G. § 3B1.1(b).

At the sentencing hearing, the district court heard testimony before applying the two enhancements. After conceding that it was "a fairly close factual issue," the court imposed the two-level enhancement for obstruction of justice, stating that "it's been shown adequately that the obstruction did occur during the course of at least the beginning stages of the state investigation of Mr. Dykes for marijuana trafficking." The court based this finding on the testimony of Special Agent David Shelton of the Drug Enforcement Agency, who testified that Dykes hired a man to set fire to his neighbors' home after learning they were assisting the police investigation of his illegal activities. As to the other enhancement, the court found "no proof" that the operation involved five or more participants, precluding a three-level enhancement under § 3B1.1(b). However, the court did impose a two-level enhancement for being an "organizer or leader" under § 3B1.1(c), noting both Dykes's admissions regarding the large quantities of drugs and money involved in his operation and the evidence regarding the arson. Applying the three-level reduction for acceptance of responsibility, the enhancements yielded an offense level of 29, for which the guidelines range was 87 to 108 months. The district court sentenced Dykes to 98 months imprisonment, with a subsequent four-year term of supervised release.

Dykes appealed, claiming that the district court erred by imposing the sentencing enhancements. Following the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004), Dykes filed a supplemental brief arguing that *Blakely* rendered the district court's enhancements unconstitutional. While the case was pending, the Supreme Court issued its decision in *United States v. Booker*, 543 U.S. 220 (2005). In the wake of *Booker*, the parties agree that Dykes's sentence should be vacated and the case remanded for resentencing. Because the district court treated the Guidelines as mandatory and enhanced the defendant's sentence based on its own factual findings, the sentence was imposed in violation of the Sixth Amendment. Thus, the sentence must be vacated and the case remanded to the district court for resentencing. *See Oliver*, 397 F.3d at 380-81.[1]

## II.

Although the case must be remanded, *Booker* does not prevent us from reviewing the district court's application of the sentencing enhancements. *See United States v. Hines*, 398 F.3d 713, 720 (6th Cir. 2005); *Oliver*, 397 F.3d at 381-82. In fact, in this case the only issue on which the parties disagree is whether the district court erred in its determination of the guidelines range – specifically, in its findings regarding the enhancements for obstruction of justice and role in the offense. While the sentencing guidelines are no longer mandatory, they will form the starting point for the district

---

[1] In June 2005, this court requested that the parties file letter briefs discussing the impact of *United States v. Bradley*, 400 F.3d 459 (6th Cir. 2005). Neither party, however, believes that *Bradley* impacts the outcome of this case, and we agree.

court's imposition of the sentence on remand. *United States v. Davidson*, 409 F.3d 304, 310 (6th

Cir. 2005). We find that the district court did not commit error in its sentence calculation.[2]

We review a district court's application of the guidelines using the same standard as we did

pre-*Booker*. *Id.* The district court's interpretation of the sentencing guidelines is reviewed *de novo*,

and the court's factual findings are reviewed for clear error. *Williams*, 411 F.3d at 677; *United*

*States v. Jackson-Randolph*, 282 F.3d 369, 389-90 (6th Cir. 2002). Dykes challenges the district

court's factual findings that he obstructed justice and that he was an "organizer or leader" of the

criminal activity.[3]

The district court imposed a two-level enhancement for obstruction of justice, finding that

Dykes conspired to burn down his neighbors' house after learning of their cooperation with state law

enforcement officials. This court uses a three-step process to review a district court's decision to

impose a sentence enhancement for obstruction of justice under U.S.S.G. § 3C1.1. *United States*

*v. Chance*, 306 F.3d 356, 389 (6th Cir. 2002). First, we review the court's findings of fact for clear

error. Second, we review *de novo* the court's conclusion that the facts constitute an obstruction of

justice. Finally, the application of the enhancement is reviewed *de novo*. *Id.* Dykes argues that the

---

[2] Contrary to the concurring opinion's analysis, reviewing the guideline calculation is neither dictum nor an advisory opinion. The guideline calculation issue is squarely presented for resolution, and it is hardly dictum to say whether or not the calculation was performed correctly. In fact, the calculation issue is the only remaining issue on appeal. The fact that new arguments may be made on remand does not obviate the need for us to decide the issues presently before us.

[3] Dykes's argument that the district court erred in merely making findings of fact is baseless. Our court has consistently held that *Booker* does not forbid all judicial fact-finding in sentencing. *See, e.g.*, *United States v. Coffee*, 434 F.3d 887, 898 (6th Cir. 2006); *United States v. Stone*, 432 F.3d 651, 654-55 (6th Cir. 2005).

district court erred in imposing the enhancement because the government did not prove by a preponderance of the evidence: (1) that the fire at his neighbor's house was caused by arson; (2) that Dykes was involved in the incident; and (3) that Dykes was aware that he was under investigation at the time of the fire. All three arguments are without merit.

The court based its finding on the testimony of Agent Shelton. Agent Shelton stated that after Dykes's neighbors made their house available for the state investigation of Dykes, the house burned to the ground under suspicious circumstances. An insurance investigation determined that the fire was caused by arson. Agent Shelton also testified that a confidential DEA informant recorded two conversations with a man named Billy Gothard. During these conversations, Gothard admitted to burning the residence in question for "John L." Agent Shelton also spoke with Gothard, and Gothard again admitted that he had been paid to burn the neighbors' house by Dykes. (Sent. Tr. 7-10). As Gothard was under indictment at the time for the arson, the admissions went against his own interests, and thus, the court found them to be credible. Gothard's indictment further supports the finding that the fire was caused by arson. The testimony also indicated that Dykes knew he was under investigation at the time of the incident.[4] Based on this evidence, the district court's findings that Dykes was involved in the burning of his neighbors' home to derail an ongoing investigation are not clearly erroneous. As there is no question that such conduct constitutes an obstruction of justice under § 3C1.1, the court did not err in imposing the enhancement.

---

[4] The fact that the investigation at the time of the obstructing conduct was run by state officials, rather than federal officials, does not preclude this enhancement from being applied. *See United States v. Boyd*, 312 F.3d 213, 217 (6th Cir. 2002).

The district court also imposed a two-level enhancement for a leadership role under U.S.S.G. § 3B1.1(c). Dykes does not dispute the district court's legal conclusion that § 3B1.1(c) is the proper enhancement in this situation. Rather, he challenges only the factual findings that led to the enhancement. We must accept those findings unless they are clearly erroneous. *See United States v. Henley*, 360 F.3d 509, 516-17 (6th Cir. 2004). The two-level enhancement under § 3B1.1(c) is appropriate "[w]here the defendant exerts control over at least one participant in a supervisory, managerial, leadership, or organizational capacity." *United States v. Gort-DiDonato*, 109 F.3d 318, 321 (6th Cir. 1997). A participant is "a person who is criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. § 3B1.1, cmt. n.1. The court must consider the "exercise of decision making authority," "the recruitment of accomplices," "the nature and scope of the illegal activity," and "the degree of control and authority exercised over others." *Id.* cmt. n.4.

Dykes has pointed to nothing in the record that would lead us to conclude that the findings of the district court were clearly erroneous. The district court relied on its previous finding that Dykes hired Gothard to set fire to his neighbor's house in concluding that he "exert[ed] control over at least one participant" in an "organizational capacity." The court further found that the large amounts of drugs and money admitted to by Dykes in the Pre-Sentence Report provided strong evidence that he had a number of accomplices in his drug operation. This finding is supported by Agent Shelton's testimony that Dykes routinely gave young men in the community quantities of drugs to distribute or store. Dykes did not challenge this testimony on cross-examination. Taken

together, it cannot be said that the district court clearly erred in making these factual findings. Thus, the imposition of the two-level enhancement under § 3B.1(c) was appropriate.

### III.

For the foregoing reasons, we vacate Dykes's sentence and remand to the district court for resentencing consistent with *Booker* and this opinion.

GRIFFIN, Circuit Judge, concurring.

I concur in the result of the majority opinion, which is to vacate defendant's sentence and remand for a full resentencing in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). However, because a new sentencing hearing will occur on remand, I deem it imprudent for the majority to express their views on scoring decisions that have been vacated.

It is well established that "'absent explicit limitations in the appellate court's mandate, an order vacating a sentence and remanding the case for resentencing directs the sentencing court to begin anew, so that fully de novo resentencing is entirely appropriate . . . .'" *United States v. Moore*, 131 F.3d 595, 598 (6th Cir. 1997) (quoting *United States v. Moored*, 38 F.3d 1419, 1422 (6th Cir. 1994)). "[T]he district court may redo the entire sentencing process including considering new evidence and issues." *Id.* at 597 (citation omitted). Consequently, "a district court may resentence a defendant on different grounds, considering different enhancements or departures, as long as they are not foreclosed by the scope of the appellate decision." *United States v. Fortier*, 242 F.3d 1224, 1232 (10th Cir. 2001) (citations omitted).

In addition, we have recognized, in the context of resentencing under *Booker*:

> In reaching the decision to vacate the sentence, we do not suggest that the district court's sentence is unreasonable or that a different disposition is required. However, we believe "[t]he better course . . . is to vacate [the defendant's] sentence and remand for resentencing, thus affording the district court the opportunity to re-sentence him in the first instance. *'We would be usurping the discretionary power granted to the district courts by Booker if we were to assume that the district court would have given [the defendant] the same sentence post-Booker.'*" *Barnett*, 398 F.3d [516 (6th Cir.) reh'g denied, 400 F.3d 481 (6th Cir.), cert. dismissed, ___ U.S. ___, 126 S. Ct. 33 (2005)] at 530 (quoting *Oliver*, 397 F.3d [369 (6th Cir. 2005), reh'g en banc denied (May 6, 2005)] at 381 n.3).

*United States v. DeCarlo*, 434 F.3d 447, 460 (6th Cir. 2006) (emphasis added).

Applying these principles to the instant case, which involves "a fairly close factual issue," the majority's conclusions regarding the district court's substantive Guidelines decisions are pure dicta. As such, the majority not only encroaches upon the sentencing discretion of the district court on remand, but also negates the very purpose of remand, i.e., to allow unhampered review by the sentencing court, under the now advisory guidelines, of the defendant's cognizable Sixth Amendment *Booker* claims pertaining to sentencing enhancements that brought his sentence above the maximum authorized by jury fact-finding or admitted in the guilty plea. *See United States v. Fornia-Castillo*, 408 F.3d 52, 74 (1st Cir. 2005) ("We deem it unnecessary and inadvisable to discuss Fornia's many claims of Guidelines sentencing error further; suffice it to say that we cannot conclude beyond a reasonable doubt that the court would have resolved the many interrelated sentencing issues it faced in precisely the same manner by impos[ing] the same sentence in the absence of mandatory Guidelines.") (internal citation and quotation marks omitted).

Moreover, because our subject-matter jurisdiction is limited to actual cases and controversies, U.S. Const., art. III, § 2, cl.1, and federal courts are not permitted to render advisory opinions, *Arnett v. Myers*, 281 F.3d 552, 562 (6th Cir. 2002), we should not express our opinions on issues that may be decided differently on remand.

For these reasons, I concur in the result, but do not join the obiter dictum regarding the vacated sentencing scoring decisions.