*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 05a0485p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CHARLES C. STONE (04-6184); DORA B. STONE (04-6185),

*Defendants-Appellants.*

Nos. 04-6184/6185

>

---

Appeal from the United States District Court
for the Eastern District of Tennessee at Chattanooga.
No. 02-00189—Curtis L. Collier, District Judge.

Argued: October 27, 2005

Decided and Filed: December 23, 2005

Before: KEITH, KENNEDY, and BATCHELDER, Circuit Judges.

---

## COUNSEL

**ARGUED:** Douglas A. Trant, Knoxville, Tennessee, for Appellants. Brian Galle, TAX DIVISION, DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Douglas A. Trant, Knoxville, Tennessee, Roger W. Dickson, Travis R. McDonough, MILLER & MARTIN, Chattanooga, Tennessee, for Appellants. Brian Galle, Alan Hechtkopf, TAX DIVISION, DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

---

## OPINION

---

KENNEDY, Circuit Judge. On March 26, 2004, Defendants Charles C. Stone and Dora B. Stone (collectively "Defendants" or "the Stones") were convicted by a jury of one count of conspiring to defraud the United States by impeding the Internal Revenue Service in the ascertainment and collection of tax, in violation of Title 18 U.S.C. § 371, and three counts of attempting to evade income tax, in violation of Title 26 U.S.C. § 7201. They were both sentenced under the then mandatory U.S. SENTENCING GUIDELINES MANUAL (Guidelines). On appeal, they jointly and individually raise errors with respect to both their convictions and their sentences, primarily based on the United States Supreme Court's rulings in *Crawford v. Washington*, 541 U.S. 36 (2004), and *United States v. Booker,* 125 S. Ct. 738 (2005). For the following reasons, we **AFFIRM** their convictions, but **REMAND** for re-sentencing.

1

## BACKGROUND

Defendant Charles Stone owned Benton Manufacturing Company (BMC), a textile facility, located in Benton, Tennessee. Mr. Stone managed the company, and his wife, Mrs. Dora Stone, handled many administrative tasks, including keeping its books. BMC kept a corporate ledger of all expenses for the company. The ledger contained a stub for each check drawn on the corporate account. Mrs. Stone coded each stub to indicate what kind of corporate expense each check had been drawn to pay. She then provided the stubs to the corporate accountant, a Mr. Robert George, who would use those codes to determine whether each expense was a proper tax deduction on BMC's corporate tax return.

Between 1993 and 1995, Defendants drew on corporate accounts to pay for over $200,000 in personal expenses. Checks drawn on the corporate account during this period were used to remodel and furnish a summer home, for portraits of family members, and for several trips to Florida. Defendants also charged large sums on their corporate American Express card for retail clothes, jewelry, household furniture, tanning products and services, hotels in the Carribean, pool and spa equipment, and monogrammed bathrobes. Defendants did not report any of these payments on their personal income tax returns. All of the expenses were coded in the corporate ledger and deducted from BMC's corporate tax return as ordinary and necessary business expenses.

The Government's principal witness was Internal Revenue Service Agent Theresa Cantrell ("Agent Cantrell"). Agent Cantrell was heavily involved in the investigation of the Stones. She testified at both the trial and during the sentencing phase.

## ANALYSIS

Defendants first challenge their convictions. They allege that Agent Cantrell based much of her testimony on testimonial hearsay statements in violation of the U.S. Supreme Court's ruling in *Crawford v. Washington*, 541 U.S. 36 (2004). *Crawford* held that the "Confrontation Clause" of the Sixth Amendment prohibits the introduction of testimonial statements by witnesses not called to testify at trial. *Id*. at 68. Defendants argue that Agent Cantrell relied on out-of-court statements made by witnesses who did not testify at trial and that her opinions were inadmissible under *Crawford*. "The applicable standard of review for an evidentiary ruling of the district court where the evidentiary issues relate to a claimed violation of the Sixth Amendment is the *de novo* standard." *United States v. Robinson*, 389 F.3d 582, 592 (6th Cir. 2004).

Defendants, however, do not point to any testimony by Agent Cantrell that was not supported by prior in-court witness testimony or by documents properly admitted into evidence. In fact, the Government points to an exchange in which Agent Cantrell indicated that her expert opinions were based on witness testimony and documents properly admitted into evidence. Because Defendants do not establish that Agent Cantrell relied on out-of-court interviews of witnesses not called to testify, their *Crawford* argument is not well taken. As this *Crawford* argument is the only assignment of error relating to guilt Defendants make on appeal, their convictions are affirmed.

Defendants also allege several errors with respect to their sentences. First, Defendants allege that *Crawford* prohibits Agent Cantrell from opining on the amount of loss caused to the government based on out-of-court statements made by witnesses not called to testify at trial. Unlike during the conviction phase of the trial, Agent Cantrell arguably relied on "testimonial hearsay" statements during the sentencing phase of the trial. It is an open question in this circuit whether our rule that "confrontation rights do not apply in sentencing hearings . . ."applies after *Crawford*. *U.S. v. Silverman*, 976 F.2d 1502, 1510 (6th Cir. 1992) (en banc). *See also U.S. v. Gatewood*, 230 F.3d 186, 192 (6th Cir. 2000). We are guided by our recent decision in *U.S. v. Kirby*, 418 F.3d 621, 627-28 (6th Cir. 2005), where we held that *Crawford* did not apply to evidence offered at revocation of

supervised release hearings. In *Kirby*, we relied on our prior decision in *Silverman* as precedent establishing that the confrontation clause did not apply in sentencing proceedings. *Id*. The First Circuit has also evaluated this question and determined that nothing in *Crawford* compels a different result. *See U.S. v. Luciano*, 414 F.3d 174, 178-80 (1st Cir. 2005) ("Nothing in *Crawford* requires us to alter our previous conclusion that there is no Sixth Amendment Confrontation Clause right at sentencing."). We agree with the First Circuit. Because *Crawford* was concerned only with testimonial evidence introduced at trial, *Crawford* does not change our long-settled rule that the confrontation clause does not apply in sentencing proceedings.

Defendants' final joint challenge to their sentences is based on the Supreme Court's recent ruling in *United States v. Booker,* 125 S. Ct. 738, 765 (2005). *See also United States v. Oliver*, 397 F.3d 369, 378 (6th Cir. 2005). Defendants allege that the district court's determination of the amount of tax loss and the imposition of an obstruction of justice enhancement violated their Sixth Amendment rights. Based on the Supreme Court's ruling in *Booker*, the Sentencing Guidelines are no longer mandatory; they are advisory. *Booker*, 125 S. Ct. at 764. *See also Oliver*, 397, F.3d at 378. In *U.S. v. Barnett*, 398 F.3d 516, 526-30 (6th Cir. 2005), this court determined that a sentence imposed under the mandatory Guidelines is plain error that requires a remand for re-sentencing. Under *Oliver* and *Barnett*, we must remand this case to the district court for re-sentencing.

Insofar as Defendants argue that the district court should not make judicial findings of fact as to the amount of tax loss, or as to whether Defendants obstructed justice, those assignments of error are not well taken. *Booker* did not eliminate judicial fact-finding. Instead, the remedial majority gave district courts the option, after calculating the Guideline range, to sentence a defendant outside the resulting Guideline range. *Booker,* 125 S. Ct. at 764, 769; *U.S. v. Williams*, 411 F.3d 675, 678 (6th Cir. 2005). District courts, in cases such as these, must, therefore, calculate the Guideline range as they would have done prior to *Booker*, but then sentence defendants by taking into account all of the relevant factors of 18 U.S.C. § 3553, as well as the Guidelines range.[1]

Finally, we address the argument made by Defendant Charles Stone that the district court should have reduced his sentence to reflect his claimed minor role in the offense pursuant to United States Sentencing Guideline ("U.S.S.G.") § 3B1.2. Defendant Charles Stone has the burden of proving this mitigating factor by a preponderance of the evidence. *See U.S. v. Lloyd*, 10 F.3d 1197, 1220 (6th Cir. 1993). We review a district court's fact-based culpability determination for clear error. *See id*. Mr. Stone attempts to meet his burden of demonstrating he is entitled to this reduction by arguing that it was Mrs. Stone who falsely coded the BMC check stubs and that he made relatively few purchases with the corporate American Express card. Even if this were true, the facts on the record concerning Mr. Stone's role in the crimes are substantial. Mr. Stone was the sole owner of BMC, he signed all of the fraudulently coded checks, signed the fraudulent tax returns, received five times the salary from BMC than that of Mrs. Stone, and split with her the tax benefits of the unreported income and false deductions. Thus, as the Government states, "without [Mr. Stone's] contributions, the scheme could not have succeeded." (Appellee's Br. at 32.). An indispensable contributor to a conspiracy cannot be a minor participant entitled to a role reduction under U.S.S.G. § 3B1.2. *United States v. Samuels*, 308 F.3d 662, 672 (6th Cir. 2002).

## CONCLUSION

For the foregoing reasons, we **AFFIRM** Defendants' convictions, but we **VACATE** their sentences and **REMAND** for re-sentencing.

---

[1] We make no finding at this stage as to the reasonableness of sentences above or below the advisory Guideline range in this case. In addition, because we are remanding the case for re-sentencing, the district court must also determine anew the amount of restitution that the Defendants should pay. We note that we recently decided that *Booker* does not apply to orders of restitution. *See United States v. Sosebee*, 419 F.3d 451, 461 (6th Cir. 2005).