NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0490n.06
Filed: July 13, 2006

**No. 05-2052**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
|    Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| V. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN AT DETROIT |
| TIFFANY DAVIS, | ) | |
| | ) | |
|    Defendant-Appellant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Before:  **COOK and RYAN, Circuit Judges; FORESTER, Senior District Judge.**[*]

**PER CURIAM.**  This appeal arises from the sentencing of Tiffany Davis ("Davis") as an

"organizer or leader of a criminal activity that involved five or more participants" pursuant to

United States Sentencing Guideline ("USSG") § 3B1.1, after Davis pled guilty to conspiracy to

commit mail fraud in violation of 18 U.S.C. §§ 1341, 371.  For the reasons that follow, we

**AFFIRM** the district court.

Davis first argues that the district court violated her Sixth Amendment right to a jury trial

under *United States v. Booker*, 543 U.S. 220 (2005), because it sentenced her to 41 months'

---

[*]    The Honorable Karl S. Forester, Senior United States District Judge for the Eastern District of Kentucky,
sitting by designation.

imprisonment based on judge-found facts.  Because the district court sentenced Davis pursuant to an advisory guidelines regime and did not use judicially-found facts to sentence her beyond the statutory maximum, 18 U.S.C. § 1341, we find no Sixth Amendment violation.  *United States v. Stone*, 432 F.3d 651, 654-55 (6th Cir. 2005) (holding that district courts continue to "calculate the Guideline range as they would have done prior to *Booker*," finding facts by a preponderance of the evidence and taking into account the relevant factors of 18 U.S.C. § 3553).

Davis next argues that the evidence does not support a finding that she was an organizer or leader within the meaning of USSG § 3B1.1 and, thus, the district court clearly erred in applying this guideline.  Under this guideline, the court generally considers 'the defendant's exercise of decision-making authority, any recruitment of accomplices, 'the claimed right to a larger share of the fruits of the crime,' the degree of participation in planning the offense, and the degree of control the defendant exercised over others."  *United States v. Vandeberg*, 201 F.3d 805, 811 (6th Cir. 2000) (quoting USSG § 3B1.1 cmt n.4).

The evidence that Davis was an organizer or leader in this case is considerable.  Davis admitted that she devised the scheme, carried it out, and showed others how to further the scheme by accessing the computer and generating fraudulent checks.  She also wrote a letter congratulating her co-conspirators for their efforts, referring to herself as "Tiffany the Great," and demonstrating her role as organizer and leader.  Therein, she advised co-conspirators to deposit the checks into their bank accounts, to refrain from signing them over to anyone for cash, and told them whom to call for check verification.  She also instructed the others to call her immediately if they had questions:  "Do not make any decisions on your own always call me first."

2

Based on the above, we conclude that the district court did not err in finding that the guideline applied. Accordingly, we **AFFIRM** the district court.