**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0856n.06
Filed: November 22, 2006

**05-2474**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA, )
)
    Plaintiff-Appellee, )
)
v. )  ON APPEAL FROM THE UNITED
)  STATES DISTRICT COURT FOR THE
AMONT JEFFERSON, )  EASTERN DISTRICT OF MICHIGAN
)
    Defendant-Appellant. )

Before: DAUGHTREY and McKEAGUE, Circuit Judges, and REEVES,[*] District Judge.

PER CURIAM. In this sentencing appeal, defendant Amont Jefferson contends that the district court violated his Sixth Amendment right to trial by jury when it found facts that increased his sentencing range under the United States Sentencing Guidelines. Because the defendant's claim is foreclosed by the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), as well as our own case law interpreting Booker, we find no reversible error and affirm.

After his first trial ended in a hung jury, the defendant was convicted at a second trial of aiding and abetting a bank robbery, in violation of 18 U.S.C. § 2113(a), for his role in

---

[*]The Hon. Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

scouting out a bank that was subsequently robbed. Because his original sentencing hearing was held before the United States Supreme Court released its decision in Booker, we remanded Jefferson's case for resentencing. See United States v. Jefferson, No. 03-2546, 2006 WL 1386471, at *4 (June 3, 2005). At resentencing, the district judge calculated Jefferson's guideline range, treated the guidelines as advisory, and considered the remaining statutory factors, all in accordance with Booker. In calculating Jefferson's sentencing range, the court found that the defendant had offered perjured testimony at trial and therefore applied an enhancement for obstruction of justice in accordance with USSG § 3C1.2.

On appeal, the defendant acknowledges that the district court complied with Booker and does not challenge the procedural or substantive reasonableness of his sentence. Instead, his sole argument is that despite Booker, judicial fact-finding in sentencing determinations violates the Sixth Amendment, as articulated in Blakely v. Washington, 542 U.S. 296 (2004), and, therefore, that his Sixth Amendment right was violated when the district judge applied the obstruction-of-justice enhancement based on the judge's finding that the defendant had offered perjured testimony.

The defendant's argument is foreclosed by the Supreme Court's holding in Booker that non-mandatory application of the guidelines does not implicate the Sixth Amendment. See Booker, 543 U.S. at 233. Indeed, in its remedial Booker opinion, which excised the mandatory language from the sentencing guidelines, the Court expressly instructed district

courts to calculate the guideline range as the first step in its sentencing determination. <u>See</u> <u>id.</u> at 264. Since the Supreme Court issued its decision in <u>Booker</u>, we have repeatedly held that <u>Booker</u> did not eliminate judicial fact-finding and that such determinations, within the confines of <u>Booker</u>, are constitutional. <u>See</u>, <u>e.g.</u>, <u>United States v. Stone</u>, 432 F.3d 651, 654-55 (6th Cir. 2005) (holding that district court's fact finding with regard to an obstruction of justice enhancement did not violate the Sixth Amendment and stating that "*Booker* did not eliminate judicial fact-finding").

For the foregoing reason, we **AFFIRM** the district court's sentencing order.