**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 06a0933n.06**
**Filed: December 26, 2006**

**Nos. 05-3374 & 05-3375**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GARY D. ERVIN, | ) | |
| | ) | |
| Defendant-Appellant, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| UNITED STATES OF AMERICA, | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AUBREY A. WALLER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: MARTIN and COOK, Circuit Judges; TARNOW, District Judge.[*]

---

[*] The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

TARNOW, District Judge.  Defendants Gary Ervin and Aubrey Waller were convicted at a joint jury trial of carjacking, assaulting a federal agent, two counts of the use of a firearm during a violent crime, and three counts of attempted murder of a federal officer (Waller only).  Ervin received a sentence of 552 months (46 years); Waller, 684 months (57 years).

Defendants appeal, claiming a violation of the Confrontation Clause.  Ervin also appeals court rulings on the Federal Rule of Evidence 404(b), double jeopardy, and the court's failure to give a requested jury instruction.  For the reasons that follow, we AFFIRM the decisions of the district court.

I.

On December 22, 2003, Darnell Lester, a cooperating witness for the New York FBI, was car-jacked and kidnaped at gunpoint by the defendants, in Cleveland. Lester called his FBI contact, Agent O'Rourke, via cellphone, and told him what was happening.

Over the course of the evening, O'Rourke maintained regular contact with Lester, while coordinating a rescue effort with the Cleveland FBI.  A meeting to exchange Lester for a purported ransom was arranged between the FBI and the defendants, at a Rally's restaurant in east Cleveland.

A SWAT team, comprised of several vehicles and FBI agents, gathered at the

2

meeting place. Ervin and Waller were in a GMC Jimmy, driven by Ervin. Lester was also in the Jimmy. The agents present decided to take custody of the defendants' vehicle. The SWAT team vehicles moved to contain the Jimmy.

One FBI agent exited his vehicle as part of the containment effort. As he approached the Jimmy, it "surged" toward him. Believing his life was in danger, as well as those of other agents, he fired three rounds at Ervin. Two struck and wounded Ervin; the third killed Lester.

The Jimmy subsequently crashed into a fence. Defendant Waller exited the Jimmy and fired two shots at the agents. When they returned fire, Waller surrendered. A 9 mm Bryco semiautomatic was found discarded in the Jimmy.

At the jury trial, Agent O'Rourke testified at length, over defendants' objections, about his cellphone conversations with the decedent Lester. His testimony related what Lester told him: how many kidnappers there were, whether they were armed, and that they wanted a ransom. He also testified that the information he received from Lester was relayed to the Cleveland FBI contact to aid planning of a rescue effort.

In response to defendants' objections, the district court acknowledged that Lester was not present in court for cross-examination. The court instructed the jury that the purpose of the testimony was to explain why the FBI agents, including

O'Rourke, took the actions they did. The court reminded the jury that defendants were not charged with kidnaping, nor could they convict the defendants of their charged crimes on the basis of concluding that defendants had held Lester against his will.

II.

In general, the admission or exclusion of evidence is reviewed for abuse of discretion. *United States v. Perry*, 438 F.3d 642, 647 (6th Cir. 2006). However, when an evidentiary ruling is challenged as a violation of the Sixth Amendment, it is reviewed *de novo*. *United States v. Stone*, 432 F.3d 651, 654 (6th Cir. 2005).

In *Crawford v. Washington*, 541 U.S. 36 (2004), the Court held that the Confrontation Clause bars admission of testimonial out-of-court statements unless the witness is unavailable and the defendant had a previous opportunity to cross-examine him. *Id*. at 53-54. However, claims of Confrontation Clause violations can be defeated by equity, under the rule of forfeiture by wrongdoing. *Id*. at 62.

In *United States v. Garcia-Meza*, 403 F.3d 364 (6th Cir. 2005), this Court held that a defendant who killed his wife could not raise Confrontation Clause objections to the admission of her out-of-court statements about a previous assault by him. *Id*. at 370 ("[T]he Defendant is responsible for Kathleen's unavailability. Accordingly, he has forfeited his right to confront her.") The Court stated that this principle

4

applies regardless of the defendant's motive, that is, even if the defendant did not act with the intent to prevent the witness from testifying. *Id*. at 370-71.

Similarly, the defendants are responsible for Darnell Lester's unavailability. They put in motion the events that led to the confrontation in the Rally's parking lot. More immediately, Ervin's attempt to run down the FBI agent caused the agent to shoot in self-defense. Darnell Lester died because of Ervin's actions. Waller was part of the criminal activity, as well. Both are therefore responsible for Lester's unavailability.[1] They have forfeited the right to confront him as a result, even if their intent was not to prevent his testimony.

Defendant Ervin challenges the admission of witness testimony that he had a baggie of crack in his mouth when he was shot. This evidence was revealed to two witnesses in the ambulance after the incident. He charges error under Fed. R. Evid. 404(b), which permits admission of "other acts" only for a permissible purpose.

*Perry* holds that the admission of evidence under Fed. R. Evid. 404(b) is reviewed (1) for clear error, on the determination that another crime or act took place; (2) *de novo*, on the issue of admission for a proper purpose; and (3) for abuse of

---

[1]While defendants were not charged with Lester's death in this case, they were convicted in state court of felony murder. The convictions were upheld on appeal. *See State v. Ervin*, No. CR-448726, 2006 WL 250756 (Ohio Ct. App. Aug. 31, 2006); *State v. Waller*, No. CR-448726, 2006 WL 2692590 (Ohio Ct. App. Sept. 21, 2006).

discretion, in determining whether probative value is substantially outweighed by unfair prejudicial effect. 438 F.3d at 647.

The district court did not err in admitting this evidence. Two eyewitnesses from the ambulance ride testified to the presence of the cocaine. The purpose of admission, to refute Ervin's assertion that he did not know the SWAT team members were law enforcement, was proper. The district court's limiting instructions to the jury made that purpose clear. Finally, defendants put knowledge of law enforcement at issue, and the evidence was probative of that fact. It was not substantially outweighed by prejudicial effect.

Ervin also claims his Fifth Amendment protections against double jeopardy were violated by the two firearms charges in the indictment. Ervin failed to raise this issue below, and is therefore barred from bringing it now. Such claims must be raised before trial, or they are waived. *United States v. Hart*, 70 F.3d 854, 859-60 (6th Cir. 1995).

Finally, Ervin argues that the district court erred in failing to deliver a requested excessive force instruction. This instruction was to support his defense theory that the FBI used excessive force, against which he was entitled to defend himself.

However, a jury instruction is not warranted if "it lacks evidentiary support or

is based upon mere suspicion or speculation." *United States v. Hargrove*, 416 F.3d 486, 489 (6th Cir. 2005) (citing *United States v. James*, 819 F.2d 674, 675 (6th Cir. 1987)). Ervin provided no evidence on the use of excessive force. The district court did not err in refusing to instruct the jury on an unsupported theory.

AFFIRMED.