NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0509n.06
Filed: July 19, 2007

No. 05-6808

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ON APPEAL** FROM THE |
| **Plaintiff-Appellee,** | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| LARRY HILL, | ) | **O P I N I O N** |
| | ) | |
| **Defendant-Appellant**. | ) | |

BEFORE: NORRIS, GILMAN, and SUTTON, Circuit Judges.

**ALAN E. NORRIS, Circuit Judge.** In March 2005, defendant Larry Hill pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He was sentenced to 110 months of imprisonment and three years of supervised release. Hill appeals his sentence, arguing that the district court's finding that he used the firearm to commit a robbery was unreasonable.

Following his plea, the district court held a sentencing hearing at which a number of witnesses testified, including the robbery victim, the arresting police officer, and a co-defendant. From all accounts, the victim was unloading beer from a delivery truck when he was robbed at gunpoint. Hill was arrested in the area and identified by the victim as the assailant.

The district court determined that the robbery qualified as relevant conduct when it calculated Hill's advisory Guidelines range. After cross-referencing his offense with robbery pursuant to § 2K2.1(c)(1) and § 2B3.1 of the Guidelines, the court arrived at a base offense level of twenty. The

district court then adjusted this base offense level to twenty-six, pursuant to § 2B3.1(b)(2)(B), because Hill used a firearm during the commission of the robbery. When combined with a criminal history category of V, the advisory Guidelines range was 110 to 137 months. After taking into consideration the sentencing factors set out in 18 U.S.C. § 3553(a), the district court sentenced him to 110 months of imprisonment. Hill now contends that evidence used to establish that he was the robber was insufficient because there was conflicting testimony regarding the color of the shirt worn by the robber, and thus he may have been false identified. He also contends that judicial fact-finding is prohibited following the decision in *United States v. Booker*, 543 U.S. 220 (2005).

We review a sentencing court's decision for reasonableness. *United States v. Wells*, 473 F.3d 640, 643 (6th Cir. 2007). "*Booker* did not eliminate judicial fact-finding. Instead, the remedial majority gave district courts the option, after calculating the Guideline range, to sentence a defendant outside the resulting Guideline range." *United States v. Stone*, 432 F.3d 651, 654-55 (6th Cir. 2005), *cert. denied,* 127 S. Ct. 129 (2006). Courts are directed to use the same method to calculate a defendant's Guidelines range as they would have done pre-*Booker,* which means finding facts to support a sentencing enhancement by a preponderance of the evidence. *United States v. Barton*, 455 F.3d 649, 658 (6th Cir.), *cert. denied*, 127 S. Ct. 748 (2006); *United States v. Dupree*, 323 F.3d 480, 491 (6th Cir. 2003). Once a defendant's Guidelines range is calculated, courts take into account all of the relevant statutory factors to reach a sentence that is "sufficient" but not greater than necessary to comply with the aims of 18 U.S.C. § 3553(a). *United States v. Davis*, 458 F.3d 505, 510 (6th Cir. 2006). When reviewing a sentencing decision, a district court's findings of fact will only be set aside if they are clearly erroneous. *United States v. Gale*, 468 F.3d 929, 934 (6th Cir. 2006). The

2

district court determined that the conflicting testimony regarding the robber's shirt color was a detail that was outweighed by the victim's repeated identification of Hill as the robber. That finding was not clearly erroneous.

The judgment of the district court is **affirmed**.