NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0137n.06
Filed: March 7, 2008

No. 06-3368

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO, EASTERN DIVISION |
| NORMAN POMALES, | ) | |
| | ) | |
| Defendant-Appellant, | ) | |

BEFORE: BOGGS, Chief Judge; GIBBONS, Circuit Judge; and BELL, Chief District Judge.[*]

**PER CURIAM.** Defendant Norman Pomales was convicted of conspiracy to possess with intent to distribute more than 50 grams of cocaine base and/or 5 kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and of unlawfully and knowingly using a communication facility in committing a felony in violation of 21 U.S.C. § 843(b). Pomales's conviction was affirmed on appeal, but his original sentence was vacated and his case was remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Cornell*, Nos. 04-3672, 04-3791, 162 F. App'x 404, (6th Cir. Jan. 3, 2006)

---

[*]The Honorable Robert Holmes Bell, Chief United States District Judge for the Western District of Michigan, sitting by designation.

(unpublished). Pomales now appeals his amended sentence. For the reasons stated below,

we AFFIRM.

## I.

The district court originally sentenced Pomales to 360 months of incarceration for the

drug conspiracy charged in count one and 48 months of incarceration for the use of the

telephone to facilitate a drug trafficking offense charged in count seven, to run concurrently.

At resentencing on February 28, 2006, the district court did not alter its original Guidelines

calculation of a total offense level of 40. As noted at the original sentencing on May 25,

2004, this calculation reflects the district court's finding that Pomales conspired to possess

with the intent to distribute between two and four kilograms of crack cocaine and between

ten and twelve kilograms of powdered cocaine, which corresponds to a base offense level of

38, plus two points for obstruction of justice. Based upon the district court's determination

that Pomales's criminal history category was IV, the resulting advisory Guidelines range was

30 years (360 months) to life. However, after applying the 18 U.S.C. § 3553(a) factors, the

district court sentenced Pomales to 240 months on count one, and 48 months on count seven,

to run concurrently.

## A.

Pomales challenges his sentence on four separate grounds. His first argument is that

the district court violated his Sixth Amendment right to a jury trial and *Booker* when it made

findings of fact as to the drug quantities involved in count one. Pomales contends that

because the jury found him guilty of conspiracy to distribute 50 grams or more of crack or 5 kilograms or more of cocaine, the district court was limited to a finding of 50 grams of crack and 5 kilograms of cocaine, which would have resulted in a base offense level of 32.

Pomales's argument misapprehends the import of *Booker*. This court has squarely rejected Pomales's contention that *Booker* requires all factual findings affecting a sentence's severity to be made by a jury beyond a reasonable doubt. *United States v. Sexton*, 512 F.3d 326, 329 -30 (6th Cir. 2008). "*Booker* did not eliminate judicial fact-finding." *United States v. Stone*, 432 F.3d 651, 654-55 (6th Cir. 2005). *Booker* held "that it would violate the Sixth Amendment to increase a defendant's sentence based on judicially found facts under the then-mandatory sentencing guidelines scheme." *United States v. Conatser*, --- F.3d ---, 2008 WL 281517, at *16 (6th Cir. 2008) (citing *Booker*, 543 U.S. at 233). "The remedy adopted in *Booker*, however, was to render the guidelines advisory." *Id.* (citing *Booker*, 543 U.S. at 246-49). As we explained in *United States v. Cook*, 453 F.3d 775 (6th Cir. 2006), *Booker* "has no bearing on advisory guideline calculations." *Id.* at 777. "[J]udicial fact-finding in sentencing proceedings using a preponderance of the evidence standard post-*Booker* does not violate either Fifth Amendment due process rights, or the Sixth Amendment right to trial by jury." *United States v. Gates*, 461 F.3d 703, 708 (6th Cir. 2006).

Where, as here, the district court recognized the advisory nature of the Guidelines, the increase in a defendant's sentence based on facts not admitted by the defendant or proven to a jury beyond a reasonable doubt does not violate *Booker* or the Sixth Amendment.

*Conatser*, 2008 WL 281517, at \*16; *Sexton*, 512 F.3d at 329-30.  Because Pomales was

sentenced under an advisory Guidelines scheme, "the maximum statutory penalty that the

district court could impose was determined by the statute of conviction, rather than by a

Guidelines range calculated using only jury findings." *Sexton*, 512 F.3d at 330.  Pomales was

convicted of violating 21 U.S.C. § 841(b)(1)(A) which carries a sentence of ten years to life.

Pomales's twenty-year sentence did not exceed the maximum statutory penalty that could be

imposed for his offense.

**B.**

Pomales's second argument mirrors his first argument.  He contends that the district

court erred by making a finding of fact that he obstructed justice.  Pomales contends that

because the jury did not make a finding on obstruction of justice the district court was

prohibited from increasing the base offense level by two levels for obstruction of justice.

This argument fails for the same reasons as Pomales's first argument.  A district court

does not violate *Booker* or the Sixth Amendment by making factual findings in sentencing

proceedings post-*Booker*.  *Sexton*, 512 F.3d at 329-30; *see also Stone*, 432 F.3d 651, at

654-55 (holding that a district court's fact-finding with respect to an obstruction of justice

enhancement under advisory guidelines would not violate the Sixth Amendment).

**C.**

Pomales's third argument is that the 240-month sentence imposed by the district court

was unreasonable.  Pomales contends that a 120-month minimum mandatory sentence would

have been sufficient to achieve the purposes of § 3553(a), and that the sentence imposed was

unreasonable because it was based on an overrepresented criminal history and failed to give

him credit for his chemical dependency and mental retardation.

Review of a sentence for reasonableness has both procedural and substantive

components. *Sexton*, 512 F.3d at 331. In reviewing a sentence for procedural reasonableness

we must ensure that

> the district court committed no significant procedural error, such as failing to
> calculate (or improperly calculating) the Guidelines range, treating the
> Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting
> a sentence based on clearly erroneous facts, or failing to adequately explain the
> chosen sentence-including an explanation for any deviation from the
> Guidelines range.

*Gall v. United States*, --- U.S. ---, 128 S. Ct. 586, 597 (2007). In reviewing the Guidelines

calculations, we review the district court's factual findings for clear error and its legal

conclusions *de novo*. *United States v. Bolds*, 511 F.3d 568, 579 (6th Cir. 2007).

We "consider the substantive reasonableness of the sentence imposed under an

abuse-of-discretion standard," taking into account "the totality of the circumstances,

including the extent of any variance from the Guidelines range." *Gall*, 128 S. Ct. at 597.

"In general, we must give 'due deference' to the district court's conclusion that the sentence

imposed is warranted by the § 3553(a) factors." *Bolds*, 511 F.3d at 581 (quoting *Gall*, 128

S. Ct. at 597).

Pomales contends that the district court improperly rejected his arguments for a downward variance based on an overrepresented criminal history and diminished capacity. In denying Pomales's motion for a downward variance the district court made factual findings that Pomales was released from confinement on a juvenile sentence within five years of his commencement of the instant offense, that Pomales committed the instant offense while he was serving a term of probation, and that Pomales's intelligence was more in the normal range than in the diminished range. These factual findings are supported by the record and are not clearly erroneous. Moreover, after denying Pomales's motion for a downward variance, the district court analyzed the § 3553(a) factors and ultimately determined that a sentence of 240 months (120 months less than the low end of the advisory guideline range) would be sufficient but not greater than necessary to comply with the purposes set forth in § 3553(a).

This is one of those unusual cases where the defendant is arguing that the downward variance from the recommended guidelines range is unreasonable because it is not large enough. In such cases the court must determine "whether the considerations based upon § 3553(a) are so compelling as to necessitate a shorter sentence." *United States v. Kirchhof*, 505 F.3d 409, 414-15 (6th Cir. 2007) "'[W]hen a district court considers the relevant 3553(a) factors in-depth and reaches a determination that the appropriate sentence varies outside the advisory guidelines range, we are very reluctant to find the sentence unreasonable.'" *Id.* (quoting *United States v. Collington*, 461 F.3d 805, 811 (6th Cir. 2006)). "To do otherwise

would be 'substituting our judgment for the district court's.'" *Id.* (quoting *Collington*, 461 F.3d at 811).

In light of the district court's consideration of the § 3553(a) factors, its substantial downward variance from the advisory guidelines range, and Pomales's failure to direct the court's attention to any § 3553(a) factors that are so compelling as to necessitate an even shorter sentence, we find no abuse of discretion by the district court and conclude that the sentence was both procedurally and substantively reasonable.

**D.**

Pomales's fourth and final argument is that he was denied his right to effective assistance of counsel because trial counsel failed to object to the calculation of his criminal history. Pomales contends that counsel should have objected to the overrepresentation of his criminal history caused by consideration of multiple minor misdemeanor marijuana drug abuse violations.

"'[A]s a general rule, a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations.'" *United States v. Sanders*, 404 F.3d 980, 986 (6th Cir. 2005) (quoting *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002)). However, we have "recognized an exception to this general rule when the existing record is adequate to assess properly the merits of the claim." *United States v. Pruitt*, 156 F.3d 638, 646 (6th Cir. 1998).

In order to establish ineffective assistance of counsel Pomales must show that "(1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). "When deciding ineffective-assistance claims, courts need not address both components of the inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004) (quoting *Strickland*, 466 U.S. at 697). "'If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.'" *Id.* (quoting *Strickland*, 466 U.S. at 697).

In this case it is abundantly clear from the existing record that Pomales cannot establish the prejudice prong of his ineffective assistance of counsel claim. Pomales suggests that counsel should have argued for a two-point reduction in his criminal history points, which would have placed him in a category III instead of IV. First, because Pomales had seven one-point adult criminal convictions, only four of which counted for criminal history purposes under U.S.S.G. § 4A1.1(c), the court would have had to disregard five points, rather than two points, in order to place Pomales in category III instead of IV. Second, and more importantly, even if Pomales had been placed in criminal history category III, that would not have changed his advisory Guideline range. With a base offense level of 40 and a criminal history category of III, he would still have been facing an advisory sentencing range of 360

months to life. Accordingly, Pomales cannot show that he was prejudiced by any failure on

the part of counsel to object to his criminal history calculation.

**II.**

For these reasons, Defendant Pomales's amended sentence is AFFIRMED.