NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1172n.06

No. 11-6393

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Nov 09, 2012*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE  MIDDLE |
| MICHAEL CHARLES, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:  MARTIN, SILER, and DONALD, Circuit Judges.

PER CURIAM.  Michael Charles, who is represented by counsel, appeals a district court judgment following his guilty plea to a charge of possession with intent to distribute Dilaudid.  We affirm.

Charles's presentence report calculated his advisory sentencing guidelines range as 108 to 135 months of imprisonment.  Charles filed a sentencing memorandum in which he argued that his offense level should be based only on the amount of hydromorphone contained in the Dilaudid tablets that he possessed, rather than on the weight of the tablets.  He also argued that he should not receive an increase in his offense level for obstruction of justice.  Charles repeated these objections at his sentencing hearing.  The district court overruled the objections and sentenced Charles to 120 months of imprisonment and three years of supervised release.  The court also imposed a fine of $15,000.

On appeal, the attorney who was originally appointed to represent Charles repeated the argument presented in the district court regarding the correct calculation of the weight of the drug. Charles subsequently obtained retained substitute counsel, who filed a supplemental brief raising a number of other issues.

We review a sentencing decision for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007).

We find no abuse of discretion in the district court's use of the weight of the Dilaudid tablets in calculating the offense level because the determination is consistent with our previous holdings on this issue. *See United States v. Webb*, 335 F.3d 534, 539 (6th Cir. 2003); *United States v. Landers*, 39 F.3d 643, 646–47 (6th Cir. 1994). Charles argues that this precedent is out of date because the sentencing guidelines for oxycodone have been amended to use only the actual amount of the pure drug, and that hydromorphone should not be treated differently. The district court properly noted that hydromorphone is significantly more potent than oxycodone and therefore not comparable. Counsel for the government correctly notes that Amendment 657 to the United States Sentencing Guidelines also increased the drug equivalency calculation for oxycodone. *See* Amendment 657, USSG app. C, Vol. III at 909 (2011) (effective date of Amendment Nov. 1, 2003).

In his supplemental brief, Charles first argues that the sentencing judge was biased because he conducted "research." The transcript of the sentencing hearing shows that the district court judge referred to his research as including the *Webb* and *Landers* cases cited above. There is no showing that this affected the impartiality of the sentencing hearing.

Charles asserts that the district court's finding that he obstructed justice was improper. Charles denied owning real estate, having any income in the previous year, or having more than $4,000 in cash. However, he admitted that his corporation owned several parcels of real estate, he filed a tax return for the previous year reporting $67,000 in rental income, and several casinos in Las Vegas had reported large cash payments to him, which he applied to his corporation. The district court found that, as the sole owner of the corporation, the assets Charles alleged belonged to the corporation actually went to Charles's own benefit. We find no error in the district court's finding that Charles obstructed justice in his denial of assets, which was material to the sentencing in this case. We have also rejected the argument that a judge's finding of obstruction of justice violates the Sixth Amendment. *See United States v. Stone*, 432 F.3d 651, 654–55 (6th Cir. 2005).

Charles raises a number of other arguments in a perfunctory manner, including that the district court failed to consider his health problems in fashioning his sentence. This argument is meritless. Charles also argues that the district court erred when it admitted the government's exhibits showing his ownership of real property, and that these exhibits were withheld from his counsel until the sentencing hearing. Counsel, however, raised no objection to the admission of the exhibits at the hearing, and our review reveals no plain error in their admission. *See United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir. 1998). Charles also objects to the fine imposed. Again, Charles did not object to the fine, and no plain error affecting the integrity of the judicial proceeding is apparent. *Id.*

The district court's judgment is affirmed.