**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0009n.06

No. 12-1425

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| DAVID GONZALEZ, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: SUHRHEINRICH, GRIFFIN, and KETHLEDGE, Circuit Judges.

PER CURIAM. David Gonzalez appeals his 210-month sentence for cocaine conspiracy, challenging the drug quantity attributed to him for sentencing purposes. We affirm.

Gonzalez pleaded guilty without a plea agreement to conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and 846. Gonzalez's presentence report set forth a base offense level of 38 because his criminal activity, based on his co-defendants' proffer statements and trial testimony, involved at least 150 kilograms of cocaine. After a three-level reduction for acceptance of responsibility, Gonzalez's total offense level was 35, which, when combined with his criminal history category of III, resulted in a guidelines range of 210 to 262 months' imprisonment. Gonzalez objected to the drug quantity attributed to him in the presentence report. He argued that his co-defendants' statements were unreliable and that he should be attributed only the twelve kilograms of cocaine that he personally admitted delivering in his

proffer statement. This revised amount would give Gonzalez a base offense level of 32 and a guidelines range of 108 to 135 months' imprisonment.

At sentencing, the district court rejected Gonzalez's argument, pointing out that his relevant conduct went beyond his "personal direct involvement" and included "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." (Sentencing Tr. 10-11 (quoting U.S.S.G. § 1B1.3(a)(1)(B)). According to the district court, multiple sources indicated that Gonzalez was close to the leaders of the drug conspiracy, Sergio Sosa Campos and Juan Carlos Hernandez, appeared with them at drug transactions, and delivered drugs for them using a car with a hidden compartment. The district court noted that Campos, in his testimony during the trial of another co-defendant, took personal "responsibility for well over 200 kilograms of powder cocaine during the course of the conspiracy" and found that Campos's testimony was credible, stating: "he had no reason to lie at that point either, or at least no more reason than anybody else who is facing sentencing. Indeed the risk to Mr. Campos was that by lying, if that's in fact what he did, he would undercut his own plea agreement and potentially expose himself to further charges or even higher penalties." (*Id*. at 11-12). The district court concluded that "certainly this set of facts makes the delivery of hundreds of kilograms of powder cocaine easily foreseeable to Mr. Gonzalez in his role, and certainly the activities of the others distributing powder cocaine that originated through Mr. Hernandez or . . . Mr. Campos easily foreseeable in furtherance of the jointly undertaken activities." (*Id*. at 12). Determining that a base offense level of 38 was appropriate, the district court sentenced Gonzalez to the low end of the corresponding guidelines range – 210 months' imprisonment.

"A district court's determination of the quantity of drugs used to compute a defendant's sentence is a finding of fact that should be upheld unless clearly erroneous." *United States v.*

*Johnson*, 732 F.3d 577, 581 (6th Cir. 2013) (quoting *United States v. Young*, 553 F.3d 1035, 1051 (6th Cir. 2009)). "An estimate will suffice as long as it is supported by a preponderance of the evidence." *Id.* "Testimonial evidence from a coconspirator may be sufficient to determine the amount of drugs for which another coconspirator should be held accountable." *United States v. Hernandez*, 227 F.3d 686, 697 (6th Cir. 2000).

Gonzalez argues that the district court's use of his co-defendants' statements to determine the drug quantity, without the benefit of cross-examination and adversarial testing, violated his confrontation and due process rights. We have held that "testimonial hearsay does not affect a defendant's right to confrontation at sentencing." *United States v. Katzopoulos*, 437 F.3d 569, 576 (6th Cir. 2006); *United States v. Stone*, 432 F.3d 651, 654 (6th Cir. 2005) (referring to "our long-settled rule that the confrontation clause does not apply in sentencing proceedings"). The consistent descriptions of Gonzalez's involvement in the conspiracy and the quantities of cocaine distributed during the conspiracy provided sufficient indicia of reliability to satisfy due process. *See United States v. Moncivais*, 492 F.3d 652, 658-59 (6th Cir. 2007).

Gonzalez contends that the district court abused its discretion in sentencing him by according more credibility to his co-defendants' statements rather than his own statement about his involvement in the conspiracy. We defer to the district court's credibility determinations, and nothing in the record leads us to doubt its credibility determinations here. *See United States v. Jeross*, 521 F.3d 562, 570 (6th Cir. 2008).

Based on the record, the district court did not clearly err in attributing at least 150 kilograms of cocaine to Gonzalez. Accordingly, we affirm Gonzalez's sentence.