*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0253p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 05-2203

LARONE COOK,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 99-80796—Robert H. Cleland, District Judge.

Argued: May 12, 2006

Decided and Filed: July 20, 2006

Before: DAUGHTREY and COOK, Circuit Judges; CARR, Chief District Judge.[*]

---

**COUNSEL**

**ARGUED:** Robert J. Dunn, Bay City, Michigan, for Appellant. Robert Cares, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee. **ON BRIEF:** Robert J. Dunn, Bay City, Michigan, for Appellant. Robert Cares, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

---

**OPINION**

---

JAMES G. CARR, Chief District Judge. This is a sentencing appeal. Larone Cook was convicted of civil rights, racketeering, and drug violations in 2001. He appealed and the Sixth Circuit remanded his case for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005).

On remand, Cook contends that the District Court made errors similar to the ones it made at his first sentencing.

For the following reasons, Cook's sentence shall be **AFFIRMED**.

---

[*]The Honorable James G. Carr, Chief United States District Judge of the Northern District of Ohio, sitting by designation.

## BACKGROUND

On April 27, 2001, Larone Cook, a former Detroit police officer, was convicted on charges of civil rights conspiracy, drug conspiracy, RICO violations, RICO conspiracy, and extortion conspiracy.

At Cook's sentencing, the District Court analyzed the evidence presented at trial as well as other evidence provided specifically for sentencing purposes. Using facts gleaned from the record, but not found by a jury or admitted by the defendant, it calculated a guideline range of 168-210 months and imposed a term of incarceration of 175 months.

Cook appealed. While his case was pending, the Supreme Court delivered its opinion in *Booker*. The Sixth Circuit affirmed his conviction, but remanded for resentencing in light of *Booker*.

At resentencing, the District Court made similar findings of fact as it had at the first sentencing and calculated his guidelines range the same way. The Court specifically stated the calculations themselves, were correct.  The Court, however, imposed a lighter sentence of 151 months, to take account of Cook's family's medical circumstances.

## DISCUSSION

At his resentencing, Cook contends the District Court improperly calculated his guideline range on the basis of facts other than those rendered in the verdict or which he had specifically admitted. His claim is without merit.

Cook's argument overstates the result in and the reach of *Booker*. It is true that, in sentencing, a court may not rely on facts other than those rendered in the verdict or which the defendant has specifically admitted to impose a mandatory enhancement. *Shepard v. U.S.*, — U.S. —, —, 125 S.Ct. 1254, 1257 (2005) (court may not impose career-criminal mandatory enhancement based on improper judicial fact-finding). But that ruling has no bearing on advisory guideline calculations.

Because the guidelines are now advisory and not mandatory, a District Court may rely on extra-verdict facts or on those other than which the defendant has specifically admitted when it calculates his sentence. *United States v. Stone*, 432 F. 3d 651, 654-55 (6th Cir. 2005)("*Booker* did not eliminate judicial fact-finding.  Instead, district courts have "the option, after calculating the Guideline range, to sentence a defendant outside the resulting Guideline range.").

District courts are obligated only to consider the guidelines range among other factors when making a final determination. *Id.* at 655 ("District courts ... must [] calculate the Guideline range as they would have done prior to Booker, but then sentence defendants by taking into account all of the relevant factors of 18 U.S.C. § 3553, as well as the Guidelines range.). *See United States v. Nguyen*, 2006 WL 988272, *3 (6th Cir. 2006) ("[J]udicial fact-finding that is necessary to calculate an advisory Guidelines range comports with the Sixth Amendment."); *United States v. Green* 2006 WL 1307999, *5 (6th. Cir. 2006)("Since *Booker*, this court has consistently turned aside constitutional challenges to sentences premised on preponderance of the evidence judicial factfinding.").

Other circuits have treated judicial fact-finding as acceptable when used in conjunction with non-mandatory sentencing guidelines. *United States v. Yeje-Cabrera*, 430 F.3d 1, 17 (1st Cir. 2005); *United States v. Vaughn*, 430 F.3d 518, 521 (2d Cir. 2005); *United States v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2006); *United States v. Sander*, 2006 WL 1114038, at *1 (4th Cir.); *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005); *McReynolds v. U.S.*, 397 F.3d 479, 481 (7th Cir. 2005);

*United States v. Pirani*, 406 F.3d 543, 551 n.4 (8th Cir. 2005)(en banc); *United States v. Chau*, 426 F.3d 1318, 1323-24 (11th Cir. 2005); *United States v. Coles*, 403 F.3d 764, 769 (D.C. Cir. 2005).

 Here, relying on the record, the District Court properly calculated the defendant's guidelines range. It then sentenced Cook to a term of incarceration below the bottom end of that range, implicitly acknowledging the now advisory nature of the guidelines. Thus, there was no error here and the defendant's sentence shall be **AFFIRMED**.