# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4201

_____

United States of America,                    *
                                             *
        Plaintiff - Appellee,                *
                                             *
    v.                                       *
                                             *
Leo Muhammad, also known as Bo,              *
                                             *
        Defendant - Appellant.               *


_____

No. 05-4204

_____

United States of America,                    *
                                             *
        Plaintiff - Appellee,                *
                                             *
    v.                                       *
                                             *
Germaine Davis, also known as Gary           *
Henderson,                                   *
                                             *
        Defendant - Appellant.               *
                                             *

Appeals from the United States
District Court for the Eastern
District of Missouri.

[UNPUBLISHED]

_____

No. 05-4205

_____

United States of America,                    *
                                             *
            Plaintiff - Appellee,            *
                                             *
      v.                                     *
                                             *
Anthony Francis,                             *
                                             *
            Defendant - Appellant.           *
                                             *

_____

No. 05-4252

_____

United States of America,                    *
                                             *
            Plaintiff - Appellee,            *
                                             *
      v.                                     *
                                             *
Robert Francis, also known as Pete,          *
                                             *
            Defendant - Appellant.           *

_____

Submitted: September 26, 2006
Filed: November 6, 2006

_____

Before ARNOLD, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

The defendants were each convicted of conspiring to distribute more than five kilograms of cocaine. They were sentenced under the mandatory Guidelines regime prior to the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). Our court affirmed the judgment of the district court[1] as to all the convictions and sentences. United States v. Francis, 367 F.3d 805 (8th Cir. 2004). In that opinion, we discussed the facts of the underlying offenses at length and addressed the defendants' fact-based challenges regarding drug quantity determinations and various enhancements under the United States Sentencing Guidelines. Following Booker, the Supreme Court granted three of the defendants' petitions for certiorari, found Sixth Amendment Booker error as to each defendant's sentence, vacated our opinion, and remanded to our court. Francis v. United States, 543 U.S. 1098 (2005); Davis v. United States, 543 U.S. 1108 (2005); Francis v. United States, 543 U.S. 1180 (2005). On remand from the Supreme Court, we remanded to the district court for resentencing and reinstated our earlier opinion "except as may be inconsistent with the remand for resentencing under the advisory guideline system as outlined in United States v. Booker."[2]

On remand from our court, the district court applied the Guidelines as advisory, applied the factors of 18 U.S.C. § 3553(a), and used the previously determined Guidelines range for each defendant as the advisory Guidelines range. As to each defendant, the district court determined that a recalculation of the Guidelines range

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

[2] United States v. Francis, 141 Fed. Appx. 501, 503 (8th Cir. 2005). Defendant Leo Muhammad did not petition the Supreme Court for certiorari, but rather, petitioned our court for rehearing. Following the Supreme Court's remand of his co-defendants' cases, we granted rehearing as to defendant Leo Muhammad and remanded his case for resentencing along with his co-defendants. Id.

was not within the scope of our remand, and in the alternative, even if it were within the scope of our remand, the district court renewed or re-adopted its prior Guidelines calculations. Under the advisory regime, the district court reimposed the same sentences for defendants Anthony Francis, Robert Francis, and Leo Muhammad. As to these three defendants, the sentences were within their respective advisory Guidelines ranges. Anthony Francis received a sentence of 420 months based on an advisory range of 360 months to life. Robert Francis received a sentence of life based on an advisory "range" of life. Leo Muhammad received a sentence of 360 months based on an advisory range of 360 months to life. As to defendant Germaine Davis, the district court imposed a sentence of 180 months. This sentence was below Davis's initial sentence of 235 months and below the low end of the applicable advisory Guidelines range of 235 to 293 months.

All defendants appeal. All defendants challenge the district court's use of facts at sentencing found by the judge under a preponderance of the evidence standard. All defendants challenge their respective sentences as unreasonable. We affirm.

As we have previously held, the remedial portion of <u>Booker</u> permits reliance on facts found by the sentencing court under a preponderance of the evidence standard as long as those facts are used to sentence under an advisory rather than a mandatory Guidelines regime. <u>United States v. Johnson</u>, 450 F.3d 831, 833 (8th Cir. 2006). We previously affirmed the district court's sentencing-related factual findings, and the district court properly interpreted the scope of our remand order. On remand, the district court was aware of the advisory nature of the Guidelines and sentenced the defendants under this advisory regime, thus correcting the Sixth Amendment, <u>Booker</u> error.

Regarding reasonableness, our review is for abuse of discretion. <u>United States v. Haack</u>, 403 F.3d 997, 1004 (8th Cir. 2005) (describing reasonableness review as review for abuse of discretion). The sentences received by defendants Robert Francis,

-4-

Anthony Francis, and Leo Muhammad are within the properly calculated advisory Guidelines ranges and are therefore presumptively reasonable. United States v. Lazenby, 439 F.3d 928, 932 (8th Cir. 2006). Defendant Germaine Davis received a downward variance from the applicable range, and he argues that his sentence should be lower. We have considered each defendant's arguments concerning reasonableness and find them to be without merit. In applying § 3553(a), the district court did not consider any improper factors, fail to consider important factors, nor commit any clear error of judgment in the application of the those factors. Haack, 403 F.3d at 1004. Although there are significant differences among the sentences received by these defendants, the differences are easily explained by each defendant's criminal history, the different quantity of drugs attributed to each defendant, and each defendant's role in the underlying conspiracy. We find no abuse of discretion.

We have carefully considered the defendants' other arguments, find them to be without merit or outside the scope of our remand order, and summarily affirm under Eighth Circuit Rule 47B.

The judgment of the district court is affirmed.

_____