NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0615n.06
Filed: August 23, 2007

No. 06-5456

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| v. | ) | EASTERN DISTRICT OF TENNESSEE AT |
| | ) | WINCHESTER |
| JAMES A. SIMS, | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | **O P I N I O N** |
| | ) | |

Before: Kennedy and Cook, Circuit Judges; and Aldrich, District Judge.[*]

**ANN ALDRICH, District Judge.** Defendant-appellant James Sims ("Sims") appeals the

235-month sentence handed down by the district court pursuant to his conviction on seven drug-

related charges on the grounds that the sentencing judge engaged in unconstitutional fact-finding in

determining Sims's sentence, or in the alternative, that because the district court sentenced Sims to

a sentence at the minimum guideline range, he should be resentenced because the judge would depart

below the guideline range. Because the sentence imposed by the district court is reasonable and the

district court satisfied the requirements of 18 U.S.C. § 3553, the sentence is affirmed.

Sims was indicted on eight counts of a seventeen count indictment alleging conspiracy to

distribute and distribution of cocaine base ("crack cocaine") in February 2005. At his jury trial in

---

[*] The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio,
sitting by designation.

1

November 2005, two witnesses testified that they had purchased crack cocaine from Sims, and that others had distributed crack cocaine for Sims. Sims was convicted by the jury on seven of the eight counts (the eighth having been dismissed upon the motion of the United States of America (the "Government")). However, the jury found that the Government had not proved beyond a reasonable doubt that Sims had been involved in distributing more than 50 grams of crack cocaine; the jury found that the Government had proved beyond a reasonable doubt that at least 5 grams of crack cocaine had been involved.

At sentencing, a witness testified that she had purchased crack cocaine from Sims or his intermediaries for five to six months, purchasing four to five grams per day. Despite the testimony, Sims's counsel argued that the base offense level should be based on the amount the jury found – more than 5 grams and less than 50 grams – instead of the more than 700 grams recommended in the presentence investigation report. The district court found that its determination of the amount of crack cocaine involved in order to calculate the base offense level was not bound by the jury's verdict, but instead depended on the amount established by a preponderance of the evidence, and held that Sims was liable for at least 500 grams of crack cocaine. The district court determined that the advisory guideline range for Sims's sentence was 235 to 292 months, and sentenced Sims to 235 months' incarceration, denying Sims's request to depart below the guideline range. Sims appealed, arguing (1) that the district court erred in sentencing him based on a larger amount of crack cocaine than that found by the jury, and (2) that the case should be remanded for resentencing in any case, because the district court's choice of the guideline minimum sentence indicated the likelihood that the district court would have departed below the guideline range.

Sims essentially asks this court to reverse the district court's drug-quantity determination. This court may do so only if the district court's determination was clearly erroneous. *United States*

*v. Bartholomew*, 310 F.3d 912, 923 (6th Cir. 2002) (citation omitted).  If evidence in the record supports the district court's finding, and if the district court's construction of the evidence is a reasonable one, the drug-quantity determination is not clearly erroneous.  *Id.* (citation omitted).  In this case, the Sixth Circuit has already spoken quite clearly on the subject, stating that *United States v. Booker*, 543 U.S. 220 (2005), "has no bearing on advisory guideline calculations," but applies to judicially-found facts used "to impose a mandatory enhancement."  *United States v. Cook*, 453 F.3d 775, 777 (6th Cir. 2006) (citation omitted).  "[J]udicial fact-finding" is "acceptable when used in conjunction with non-mandatory sentencing guidelines," as they were in this case.  *Id.* (citations omitted).  And so long as a preponderance of the evidence establishes the judicially-found fact in question under an advisory guideline regime, there is no error.  *United States v. Watts*, 519 U.S. 148, 156 (1997).  Nor does Sims possess a claim under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), as the sentence imposed was well within the prescribed statutory maximum for the drug quantity found by the jury.  *United States v. Solorio*, 337 F.3d 580, 597 (6th Cir. 2003).  In this case, as the evidence adduced at trial and at sentencing supports the district court's finding that Sims was responsible for at least 500 grams of crack cocaine, there is no clear error, and the sentence is affirmed.

With respect to Sims's alternative argument, all of the authorities cited by Sims holding that imposition of the guideline minimum sentence implies that the district court would have departed below the guideline range deal with sentencing by pre-*Booker* district courts under a mandatory guideline regime.  Also, as the Government rightly points out, the district court explicitly stated at sentencing that it knew the guidelines were advisory, not mandatory, and explicitly chose to sentence Sims to a term within the guideline range because of its analysis of the factors it was bound to consider under 18 U.S.C. § 3553.

For the foregoing reasons, the sentence imposed by the district court is affirmed.