**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0210n.06
Filed: April 22, 2008

No. 06-6427

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
|     **Plaintiff-Appellant,** | ) |
| v. | ) |
| | ) ON APPEAL FROM THE |
| WALTER WILLIAMS | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE EASTERN |
|     **Defendant -Appellee.** | ) DISTRICT OF TENNESSEE |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**BEFORE:    KEITH, CLAY, and GILMAN, Circuit Judges.**

    **DAMON J. KEITH, Circuit Judge.** Defendant Walter Williams appeals his sentence after pleading guilty to cocaine distribution and possession charges, arguing that the district court violated his Fifth and Sixth Amendment rights by making findings of fact during sentencing that were not proven to a jury beyond a reasonable doubt. We hold that the district court properly used the preponderance of the evidence standard to assess the factual assertions resulting in Defendant's sentencing enhancements, and that the court appropriately considered the resulting advisory Guideline calculation in the context of the other relevant 18 U.S.C. § 3553 factors. We therefore AFFIRM.

**I. BACKGROUND**

1

After Defendant Walter Williams ("Defendant") and co-defendants Allen Young and Michael Smith were convicted of conspiracy to distribute and possess with intent to distribute fifty grams or more of crack cocaine, Defendant was sentenced to a term of life imprisonment. Defendant now argues that the district court improperly enhanced his sentence by making numerous findings of fact that the jury did not find beyond a reasonable doubt. Specifically, the defendant objects to the sentencing enhancements based on the findings that (1) Defendant should be held accountable for 1.5 kilograms of crack; (2) Defendant and members of the conspiracy acquired, possessed, stored, and used firearms; and (3) Defendant was an organizer of an offense involving five or more participants.

Defendant was a leader of a gang known as the "Vice Lords" that operated crack cocaine sales in Knoxville, Tennessee. *United States v. Williams*, 158 F. App'x 651, 652-53 (6th Cir. 2005). Defendant and the Vice Lords, who were involved in a conspiracy to monopolize the crack trade in the area, also maintained a supply of firearms and drug paraphernalia that was seized by law enforcement officials during the course of its investigation. *Id*.

Defendant does not appeal the drug and firearm related offenses that resulted in his sentence. Rather, he argues that the district court's findings of facts used to enhance his sentence violate his constitutional rights because they were not proven to a jury beyond a reasonable doubt.

When preparing the Presentence Report ("PSR"), the probation officer found that, based on the trial evidence, a number of factors increased the offense level calculated for sentencing. First, while the jury found Defendant guilty of conspiring to distribute and possess with intent to distribute fifty grams or more of crack cocaine, the PSR found that Defendant should be held accountable for 1.5 kilograms of crack cocaine, resulting in a base level offense of 38. (J.A. 278-80, 284). Based on

trial testimony and the calculations in the PSR, the court determined that the defendant was responsible for dealing two ounces (56.7 grams) of cocaine per week. Calculated over the length of time Defendant was involved in the conspiracy, the district court found that Defendant should be held accountable for a minimum of 1.5 kilograms of cocaine base. (J.A. 278).

Second, the PSR applied a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) based on evidence that Defendant and his co-conspirators acquired, possessed, stored, and used firearms. (J.A. 280-85). The PSR cited trial testimony indicating that Defendant directed gang members to acquire and store firearms for use by the Vice Lords in furtherance of the trafficking conspiracy. (J.A. 284). The PSR also cited testimony that Defendant used a firearm during the robbery of an individual named Rodney Jones. (J.A. 285).

Third, the PSR applied a four-level enhancement pursuant to U.S.S.G. § 3B1.1(a) based on Defendant's role as an organizer or leader of an offense involving five or more participants. (J.A. 285). The PSR cited cooperator testimony and recorded telephone conversations indicating that Defendant directed the gang's operations. (J.A. 280). These directives included not only the management of drug transactions, but also the ordering of the murder of two individuals. *Id.*

Based on these enhancements, the district court determined Defendant's offense level to be 44. Because the guidelines do not extend beyond 43, Defendant's official offense level was set at 43. Defendant was also designated a career offender with 24 criminal history points, placing him in criminal history category VI and restricting the advisory Guideline range to life imprisonment. (J.A. 290).

After the district court sentenced Defendant to life imprisonment, he timely appealed. While

3

the appeal was pending, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), and both parties agreed that the case should be remanded for resentencing. *Williams*, 158 F. App'x at 656. This Court affirmed the conviction and remanded for sentencing. *Id*. at 656. On remand, the district court again imposed a life sentence on November 1, 2006. (J.A. 107). Defendant timely filed a notice of appeal.

## II. DISCUSSION

This Court reviews sentencing decisions for reasonableness. *United States v. Collington*, 461 F.3d 805, 807 (6th Cir. 2006). Factual findings are reviewed for clear error and conclusions of law are reviewed *de novo*. *United States v. Hazelwood*, 398 F.3d 792, 795 (6th Cir. 2005). This Court has held that a sentence may be procedurally unreasonable "if the district judge fails to consider the applicable Guidelines range or neglects to consider the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *Collington*, 461 F.3d at 808 (internal citations omitted). A sentence may be substantively unreasonable "when the district court select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors, or giv[es] an unreasonable amount of weight to any pertinent factor." *Id*. (internal citations omitted).

This court reviews *de novo* Defendant's Fifth and Sixth Amendment claims that the drug quantity and Guideline range enhancements were unconstitutionally based by the district court on facts not charged or found beyond a reasonable doubt by a jury. *United States v. Gates*, 461 F.3d 703, 708 (6th Cir. 2006), *cert. denied*, 127 S. Ct. 602 (2006).

This Court has held that "judicial fact-finding in sentencing proceedings using a preponderance of the evidence standard post-*Booker* does not violate either Fifth Amendment due process rights, or the Sixth Amendment right to trial by jury." *United States v. Conatser*, 2008 U.S. App. LEXIS 2422, at *47-48 (6th Cir. 2008) (quoting *Gates*, 461 F.3d at 708). In *Gates*, a defendant pleading guilty to a check-cashing scheme argued that evidence of his managerial role used to enhance his sentence under U.S.S.G. § 3(B)1.1 was not proven beyond a reasonable doubt. Citing *United States v. Coffee*, 434 F.3d 887 (6th Cir. 2006), *cert. denied,* 547 U.S. 1158 (2006), this Court found that "judicial fact-finding for sentencing purposes must continue as it was conducted prior to *Booker*, under a preponderance of the evidence standard." *Gates*, 461 U.S. at 708. In *Booker*, the Supreme Court clarified the constitutionality of judicial fact-finding under the Guidelines by declaring that the Guideline range was to be considered advisory rather than mandatory. *Booker*, 543 U.S. 259-60. As this Court has held: "Because the guidelines are now advisory and not mandatory, a District Court may rely on extra-verdict facts or on those other than which the defendant has specifically admitted when it calculates his sentence." *United States v. Cook*, 453 F.3d 775, 777 (6th Cir. 2006). Contrary to Defendant's claim, *Booker* did not hold that judicial fact-finding is unconstitutional unless the facts applied to the sentencing determination are found beyond a reasonable doubt.

In this case, the record below demonstrates that the district court based the sentencing enhancement on findings based on the preponderance of the evidence and also considered the resulting enhanced Guideline range in an advisory fashion. The sentence, therefore, did not violate Defendant's Fifth or Sixth Amendment rights.

a) ***The Drug Quantity Determination***

The district court determined that Defendant should be held accountable for 1.5 kilograms of crack based on the preponderance of the evidence presented at trial. After reviewing the transcript of the first sentencing hearing and discussing the basis for the guideline calculation in the PSR, Judge Jordan stated:

> The first issue is the drug amounts. The pre-sentence report sets out the basis of the amount found by the report to be considered in arriving at the increase.
>
> I think it's very interesting that on Page 14 of the pre-sentence report is listed the amounts of drugs that were actually confiscated by the police officers in the course of this investigation from 1998 through 2002.
>
> That comes to a total of 77.80 grams that was in possession of co-conspirators, or in their residences or vehicles, at the time they were stopped or arrested, or a search was conducted. And I think those numbers, in and of themselves, support the projections of the volume of business that these co-conspirators were moving.
>
> It's pretty obvious to the Court, after reading some of [the] transcripts, that there was probably half a kilo a day being moved, especially on good days when they were selling.
>
> So I think that the amount of drugs in question that Judge Jarvis found to be reasonable, I so find to be reasonable. And I don't think there's any doubt in anybody's mind concerning the amount.

(J.A. 256)

Based on the trial testimony, the PSR calculation, and the trial court's analysis, it appears clear that the district court's finding that Defendant was accountable for 1.5 kilograms of cocaine was based on the preponderance of the evidence.

b) *The Firearms Adjustment*

The district court also considered carefully the evidence used to determine that Defendant used firearms in the course of the conspiracy. This finding resulted in a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1). As Judge Jordan stated:

> As far as the firearm adjustment. I do understand the charge that was - proof that was presented concerning the robbery of a drug dealer - the fact that that was done with a firearm, and that a firearm was taken from the drug dealer, and then the drugs were processed and sold the next day.
>
> I think the probation office has done an excellent job in showing, on pages 17 and 18, the number of firearms that were confiscated in the course of the investigation - the firearms and ammunition seized by the police officers. So I again agree with Judge Jarvis that this is an appropriate enhancement.

(J.A. 257).

The trial court's consideration of the record again demonstrates that it based the firearms adjustment on the preponderance of the evidence assessed.

## c) *The "Organizer of Offense" Enhancement*

Finally, the trial court considered Defendant's role in leading the conspiracy in assessing a four-level enhancement pursuant to U.S.S.G. § 3B1.1(a):

> As to the role in the offense. This defendant first started the Vice Lords while he was in prison, then continued with dealing with the Vice Lords while he was on parole and setting up the drug conspiracy in Knoxville. And it's interesting that he was acknowledged by everyone as being the leader of the Vice Lords. And let's just say he is a Five-Star Branch Elite. No question that he was their leader.
>
> And after reading the transcripts, there's no question that the Vice Lords' business was selling drugs. So I'm in agreement with Judge Jarvis, once again, that this is the appropriate enhancement.

(J.A. 256-57).

After determining based on the preponderance of the evidence that Defendant was the organizer and leader of the conspiracy, Judge Jordan evaluated the calculated range in an advisory fashion along with the relevant § 3553 factors. He considered the Guideline range and the serious nature of the drug offenses involving firearms and violence. (J.A. 258). He noted that similar defendants had received life sentences and that there was a need to send the message "that when you engage in this type of activity there is a price to pay for it." *Id*. He also considered Defendant's criminal history and stated that his "prior criminal history speaks for itself, the highest in the Guidelines." *Id*. Finally, Judge Jordan noted that defendant had demonstrated no respect for the law, that the life sentence was necessary to deter the public and the defendant from engaging in similar conduct, and to protect the public from the defendant. (J.A. 259).

Because the district court used the preponderance of the evidence standard to assess the factual assertions resulting in Defendant's sentencing enhancements, and because the court properly considered the resulting advisory Guideline calculation in the context of the other relevant § 3553 factors, the sentence imposed did not violate Defendant's Fifth or Sixth Amendment rights.

## III. CONCLUSION

For the aforementioned reasons, we **AFFIRM** the district court's sentence.