NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0357n.06
Filed: June 20, 2008

Nos. 06-6158/06-6387

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TROY KIRBY | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| and | ) | EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| JOHNNY LEE BULLOCK, | ) | |
| | ) | |
| Defendants-Appellants. | ) | |
| | ) | |
| | ) | |

Before: NORRIS, BATCHELDER, and GIBBONS, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** In 2002, a jury convicted Troy Kirby and Johnny Lee Bullock of a number of charges involving the manufacture and distribution of methamphetamine. Kirby was also found guilty of two firearms-possession charges. This court affirmed Kirby's and Bullock's sentences in all respects but remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). Following resentencing, Kirby and Bullock challenge their sentences once again, and Kirby presents an ineffective assistance of counsel claim. For the following reasons, we affirm the sentences of the district court and decline to review Kirby's ineffective assistance of counsel claim.

1

I.

In 2001, a grand jury indicted Troy Kirby and Johnny Lee Bullock, along with eight other individuals, on a number of charges stemming from a conspiracy to manufacture and distribute methamphetamine. Kirby and Bullock were tried jointly in early 2002.

The jury found Kirby guilty of the following offenses: (1) conspiracy to manufacture 50 grams or more of methamphetamine or 500 grams or more of a mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846; (2) conspiracy to possess with intent to distribute 50 grams or more of methamphetamine or 500 grams or more of a mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846; (3) two counts of aiding and abetting another in an attempt to manufacture 50 grams or more of methamphetamine or 500 grams or more of a mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846; (4) being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1); and (5) possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). Bullock was found guilty of conspiracy to possess with intent to distribute 5 to 50 grams of methamphetamine or 50 to 500 grams of a mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846, as well as three counts of possession with intent to distribute 5 to 50 grams of methamphetamine or 50 to 500 grams of a mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).

Kirby's Presentence Investigation Report ("PSR") recommended a Sentencing Guidelines range of 360 months to life imprisonment. At Kirby's first sentencing hearing, the district court sentenced Kirby to 360 months imprisonment on the charges related to methamphetamine

manufacture and distribution and 120 months imprisonment on the firearms-possession charges. The district court determined that the sentences should run concurrently, resulting in a term of 360 months imprisonment. This court affirmed the district court in all respects but remanded Kirby's case for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Bullock*, 130 F. App'x 706, 727-28 (6th Cir. 2005). Upon remand, Kirby objected to, *inter alia*, the PSR's drug quantity calculation and its recommendation of an enhancement for Kirby's role as a leader and organizer; Kirby argued that the facts necessary to support the calculation and the enhancement were not found by the jury beyond a reasonable doubt. At Kirby's resentencing hearing, the district court overruled Kirby's objections to the PSR and found, by a preponderance of the evidence, that Kirby was accountable for 759.8 grams of actual methamphetamine and that he was a leader and organizer of the methamphetamine conspiracy. After a lengthy articulation of the 18 U.S.C. § 3553(a) factors, the district court imposed the same sentence as it had at Kirby's first sentencing hearing.

Bullock's PSR recommended a Guidelines range of 168 to 210 months imprisonment, based on a total offense level of 32 and a criminal history category of IV. Prior to his first sentencing hearing, Bullock lodged an objection to, *inter alia*, the amount of methamphetamine for which he was deemed accountable; Bullock argued that this amount had not been found by a jury. At the first sentencing hearing, the district court overruled this objection and found that Bullock was responsible for 795.6 grams to 1.30 kilograms of a methamphetamine mixture. Granting the government's motion for an upward departure based on an under-representation of Bullock's criminal history, the district court placed Bullock in criminal history category V. Bullock's resulting Guidelines range was 188 to 235 months imprisonment, and the district court sentenced Bullock to the high end of the

3

range—235 months imprisonment. This court affirmed Bullock's sentence and conviction in all respects but remanded for resentencing in light of *United States v. Booker*. On remand, the district court examined the 18 U.S.C. § 3553(a) factors and sentenced Bullock at the low end of the Guidelines range—188 months imprisonment.

Kirby and Bullock each filed a timely notice of appeal.

II.

Citing *United States v. Booker*, 543 U.S. 220 (2005), Kirby argues that his Fifth and Sixth Amendment rights were violated when the district court sentenced him on the basis of facts not found by the jury beyond a reasonable doubt. In particular, Kirby takes issue with the district court's decision to hold him responsible for 759.8 grams of actual methamphetamine, as well as the district court's determination that Kirby was a leader and organizer of the criminal activity. This court reviews *de novo* constitutional challenges to a sentence. *United States v. Gates*, 461 F.3d 703, 708 (6th Cir. 2006).

Kirby's arguments are without merit. While *Booker* rendered the Sentencing Guidelines mandatory, it did not eliminate judicial fact-finding. *United States v. Kosinski*, 480 F.3d 769, 776 (6th Cir. 2007). "[T]his court and others have repeatedly held since *Booker* that district judges can find the facts necessary to calculate the appropriate Guidelines range using the same preponderance-of-the-evidence standard that governed prior to *Booker*." *United States v. Ferguson*, 456 F.3d 660, 665 (6th Cir. 2006); *see also United States v. Cook*, 453 F.3d 775, 777 (6th Cir. 2006) (noting that the now-advisory nature of the Guidelines permits a district court to "rely on extra-verdict facts or on those other than which the defendant has specifically admitted when it calculates [the defendant's] sentence.") At Kirby's resentencing hearing, the district court properly

4

found, by a preponderance of the evidence, that Kirby should be held accountable for 759.8 grams of actual methamphetamine and that Kirby was a leader and organizer of the methamphetamine conspiracy. The district court also acknowledged the advisory nature of the Guidelines and sentenced Kirby only after a thorough examination of the 18 U.S.C. § 3553(a) factors. Accordingly, the district court committed no Fifth or Sixth Amendment violation in sentencing Kirby. *See Gates*, 461 F.3d at 708 (holding judicial fact-finding post-*Booker* violates neither Fifth Amendment due process rights nor the Sixth Amendment right to trial by jury).[1]

In a *pro se* supplemental brief, Kirby further argues that *Cunningham v. California*, 127 S. Ct. 856 (2007), has overruled this court's precedent permitting the use of judicial fact-finding in sentencing post-*Booker*. However, Kirby's reliance on *Cunningham* is misplaced. In *Cunningham*, the Supreme Court invalidated a mandatory state sentencing system, which, the Court noted, resembled the pre-*Booker* federal sentencing regime. *Cunningham*, 127 S. Ct. at 866 n.10. In fact, the Court emphasized that, in *Booker*, it unanimously agreed "that the Federal Guidelines would not implicate the Sixth Amendment were they advisory." *Cunningham*, 127 S. Ct. at 866. As this court has noted, "*Cunningham* makes clear that an advisory system of guidelines and a preponderance standard do not implicate the Sixth Amendment." *United States v. Schoeninger*, No. 06-2218, 2007 WL 3390952, at *4 (6th Cir. Nov. 14, 2007).

To the extent that Kirby takes issue with the district court's methamphetamine purity determination, this argument has been waived. The district court found that the 759.8 grams of

---

[1]Kirby's sentence also presents no problem under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), as it does not exceed the statutory maximum—life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(viii) (stating statutory maximum for offenses involving 50 grams or more of methamphetamine); *see also United States v. Flores*, 477 F.3d 431, 438 (6th Cir. 2007).

methamphetamine attributable to Kirby consisted of 100% pure methamphetamine. Kirby, however, claims that a 50% pseudoephedrine-to-methamphetamine conversion ratio is more appropriate than a 100% conversion ratio. Kirby did not raise this argument in his initial appeal to this court, and, thus, this argument has been waived. *See United States v. Keller*, 498 F.3d 316, 328 (6th Cir. 2007); *United States v. Mitchell*, 232 F. App'x 513, 517 (6th Cir. 2007).

III.

Kirby briefly contends that his first court-appointed counsel performed ineffectively during his 2002 trial. Specifically, Kirby notes that his trial counsel failed to raise a claim of variance, did not move for a multiple-conspiracy instruction, and failed to raise the issue of duplicitous indictment.

This court generally will not review claims of ineffective assistance of counsel on direct appeal. *United States v. Meeker*, 411 F.3d 736, 748 (6th Cir. 2005). Such claims are best raised on collateral review under 28 U.S.C. § 2255 in order to give the parties an opportunity to develop an adequate record. *United States v. Caver*, 470 F.3d 220, 250 (6th Cir. 2006); *Meeker*, 411 F.3d at 748. Although this court may review claims of ineffective assistance of counsel on direct appeal in rare cases where "there was no legitimate, strategic reason to fail to [raise the claims] under the circumstances and [] the record is sufficient to allow review of defense counsel's conduct," Kirby's case does not present such a scenario. *Meeker*, 411 F.3d at 748-49 (internal quotation marks omitted). "Given the fact-specific nature of the claims and the absence of a record directed at whether counsel's performance was deficient," we decline to review this issue. *See United States v. Martinez*, 430 F.3d 317, 338 (6th Cir. 2005).

IV.

Bullock contends that the district court misinterpreted the nature of the mandate issued by this court in remanding his case for resentencing under *Booker*. The district court, Bullock claims, erred in failing to reconsider its factual findings regarding the amount of methamphetamine attributable to him. This court reviews the scope of a remand *de novo*. *United States v. Orlando*, 363 F.3d 596, 600 (6th Cir. 2004).

We conclude that the district court did not err, as Bullock's argument was precluded by the law-of-the-case doctrine. *See United States v. Robinson*, 503 F.3d 522, 526 (6th Cir. 2007). "Determinations by a Court of Appeals become the law of the case and are binding on both the district court on remand and the Court of Appeals upon subsequent appeal." *United States v. Haynes*, 468 F.3d 422, 426 (6th Cir. 2006). Upon resentencing, Bullock objected that the drug quantity calculation in the PSR, which was greater than the drug quantity found by the jury, was incorrect. Bullock claimed that his offense level should have been 28, rather than 32, as an offense level of 28 would take into account only the drug quantity found by the jury. However, Bullock previously raised this judicial fact-finding argument during his first sentencing hearing and in his first appeal. This court affirmed the district court's factual finding of the drug quantity attributable to Bullock and merely issued a limited remand for reconsideration of Bullock's sentence in light of *Booker*. Upon resentencing, the district court properly refused to reconsider Bullock's judicial fact-finding argument regarding the drug quantity calculation. Accordingly, we conclude that the district court's assessment of the limited scope of the *Booker* remand was correct. *See United States v. Muhammad*, 203 F. App'x 751, 752-53 (8th Cir. 2006) (finding no error where, on a limited *Booker* remand, district court refused to revisit defendants' fact-based challenges to drug quantity determinations).

7

In any case, the district court explained that, if it were to reconsider the issue, it would reaffirm its factual findings regarding the drug quantity attributable to Bullock and Bullock's resulting Guidelines range. Indeed, to the extent that Bullock's objection was directed toward the use of judicial fact-finding in sentencing, his argument was meritless. It is not improper for a judge to calculate a defendant's Guidelines range on the basis of facts found by a preponderance of the evidence, so long as the judge treats the Sentencing Guidelines as advisory rather than mandatory.[2] *See Ferguson*, 456 F.3d at 665; *Cook*, 453 F.3d at 777. At the resentencing hearing, the district court considered the Guidelines to be advisory and sentenced Bullock under this advisory regime, thus correcting its initial Sixth Amendment error. We therefore conclude that the district court did not err in resentencing Bullock.

V.

Bullock further argues that his sentence was unreasonable because the district court placed undue emphasis on only one of the 18 U.S.C. § 3553(a) factors in resentencing him. Following *Booker*, appellate courts review a district court's sentencing determination for reasonableness, under a deferential abuse-of-discretion standard. *Gall v. United States*, 128 S. Ct. 586, 594 (2007); *see also Rita*, 127 S. Ct. at 2465. As the Supreme Court has noted, reasonableness review has two

---

[2]In a *pro se* motion, Bullock contends that *Rita v. United States*, 127 S. Ct. 2456 (2007), and *Cunningham v. California*, 127 S. Ct. 856 (2007), preclude the use of judicial fact-finding to calculate a defendant's Guidelines range. As noted above, *Cunningham* does not prohibit judicial fact-finding under an advisory sentencing regime. *See Schoeninger*, No. 06-2218, 2007 WL 3390952, at *4. Similarly, *Rita* notes that "[t]his Court's Sixth Amendment cases do not automatically forbid a sentencing court to take account of factual matters not determined by a jury and to increase the sentence in consequence." 127 S. Ct. at 2465-66. Bullock's *pro se* motion is thus without merit.

components: procedural and substantive. *Gall*, 128 S. Ct. at 597; *see also United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007).

A sentence is procedurally unreasonable if a district court commits a significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 128 S. Ct. at 597. In conducting a review of the substantive reasonableness of a sentence, an appellate court may apply a presumption of reasonableness to sentences within the Guidelines range. *Id.*; *Rita*, 127 S. Ct. at 2462. This court has held that a sentence may be substantively unreasonable if "the district court selected the sentence arbitrarily, based the sentence on impermissible factors, failed to consider pertinent § 3553(a) factors, or gave an unreasonable amount of weight to any pertinent factor." *United States v. Smith*, 510 F.3d 603, 609 (6th Cir. 2007) (citing *United States v. Brown*, 501 F.3d 722, 724 (6th Cir. 2007)).

Bullock's sentence is neither procedurally nor substantively unreasonable. The district court sentenced Bullock within the correctly calculated Guidelines range, 188 to 235 months, and his sentence is thus afforded a presumption of reasonableness. Moreover, the district court thoroughly examined the factors enumerated in 18 U.S.C. § 3553(a) in imposing a sentence "sufficient but not greater than necessary, to comply with the purposes" of sentencing set forth in the statute. Contrary to Bullock's assertion, the district court did not focus only on the Guidelines range, thus giving an unreasonable amount of weight to only one § 3553(a) factor. Rather, the district court carefully considered a number of the § 3553(a) factors. With respect to the nature of the offense, the court noted that Bullock was one of the "main distributors" in the methamphetamine conspiracy. The

9

district court further explained that the crime was "very, very serious." The court noted the need to rehabilitate Bullock and recommended a 500-hour drug education program. The court also acknowledged the need for the sentence to promote respect for the law, to protect the public, and to afford adequate deterrence. The court concluded that "all of those factors" indicated that a sentence of 188 months, the low end of the Guidelines range, was "sufficient but not greater than necessary." In light of this record, we conclude that the district court did not abuse its discretion in imposing Bullock's sentence. "The fact that the district court did not give [Bullock] the exact sentence he sought is not a cognizable basis to appeal, particularly where the district court followed the mandate of section 3553(a) in all relevant respects." *United States v. Jackson*, 466 F.3d 537, 540 (6th Cir. 2006).

VI.

For the foregoing reasons, we affirm Kirby's and Bullock's sentences and decline to review Kirby's ineffective assistance of counsel claim.