**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0649n.06
Filed: October 23, 2008

**No. 07-1337**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| MICHAEL CHENEY, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

**Before: CLAY, GILMAN, and ROGERS, Circuit Judges.**

**Rogers, Circuit Judge.** Defendant Michael Cheney challenges the 97-month prison sentence imposed on him following a federal jury conviction on offenses stemming from a conspiracy to distribute marijuana. Cheney argues that the district court unconstitutionally applied sentencing enhancements based on facts not proven to the jury beyond a reasonable doubt. Because this argument is without merit, we affirm the sentence imposed by the district court.

On July 12, 2006, a jury found Cheney guilty of conspiracy to distribute marijuana in violation of 21 U.S.C. § 846; attempted possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(vii); and conspiracy to launder monetary

1

instruments in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(h). The jury made specific findings that the amount of marijuana involved in the conspiracy violation was between 100 and 1000 kilograms and the amount involved in the attempted possession with intent to distribute violation was at least 100 kilograms.

During the sentencing hearing, the district court agreed with the Presentence Report's conclusion that the amount of marijuana involved in Cheney's drug violations was between 400 and 700 kilograms. This resulted in a base level offense of 28 under the Sentencing Guidelines. U.S.S.G. §§ 2D1.1(a)(1), (c)(6) (2005). The district court also found that Cheney should receive a two-level enhancement because he was a leader in the offense. U.S.S.G. § 3B1.1(c). The court explained:

> I find he was a leader. He ran the bike shop where the marijuana was delivered and he arranged for the loading of it, and as I recall the trial record, he was the one that ordered the stuff from Arizona. That would be a leader. I mean that's the basis of the finding of leadership.

The district court rejected the Presentence Report's calculation of a criminal history category of II, finding that it "overstates the criminal history." The court's calculations produced a final offense level of 30, which, with a criminal history category of I, resulted in a Guidelines sentencing range of 97 to 121 months in prison. The district court sentenced Cheney to 97 months in prison— "the low end of the recommended guidelines"— to be followed by four years of supervised release.

Cheney's sole argument on appeal is that the district court improperly based its sentence on a 400-700 kilogram drug quantity and Cheney's leadership role, where these findings were not

determined by a jury beyond a reasonable doubt.[1]  Cheney claims that his sentence violated *United States v. Booker*, 543 U.S. 220 (2005), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because "the sentencing jurist, on the basis of judicially-opined 'facts' not proven by the jury's 'special verdict,' unconstitutionally 'exceed[ed] the maximum authorized by the facts established by . . . [the] jury['s] verdict.'" As Cheney concedes in the final footnote of his brief, this argument is contrary to the clear precedent of this court.

First, Cheney's argument fails because judicially found facts at sentencing do not violate *Booker* under an advisory Guidelines scheme.  "We have held repeatedly that *Booker* and its precursor, *Apprendi v. New Jersey*, did not eliminate judicial fact-finding during sentencing." *United States v. Flores*, 477 F.3d 431, 438 (6th Cir. 2007) (citation omitted).  We have explained that "[Booker] has no bearing on advisory guideline calculations," but only applies to judicially found facts used "to impose a mandatory enhancement." *United States v. Cook*, 453 F.3d 775, 777 (6th Cir. 2006).  "This court has squarely rejected [the] contention that *Booker* and *Blakely v. Washington* require all factual findings affecting a sentence's severity to be made by a jury beyond a reasonable doubt." *United States v. Sexton*, 512 F.3d 326, 329-30 (6th Cir. 2008) (citation omitted).  Because

---

[1]In a footnote, Cheney appears to attack the district court's finding that he was a leader in the offense.  The district court considered the trial testimony as well as the recommendations of the Presentence Report, and explained the reasons for concluding that Cheney was a leader in the offense.  The court did not clearly err in making this Guidelines determination. *United States v. Jeross*, 521 F.3d 562, 579 (6th Cir. 2008) ("A district court's determination regarding a defendant's role in the offense is reversible only if clearly erroneous.") (quoting *United States v. Gates*, 461 F.3d 703, 709 (6th Cir. 2006)).

the district court made its determination of the drug quantity and leadership role of the defendant under an advisory Guidelines calculation, the Guidelines determination did not violate *Booker*.

Second, Cheney's sentence did not exceed the maximum statutory penalty that could be imposed for his offenses. Cheney argues that his sentence violates *Apprendi*'s requirement that sentences not exceed the statutory maximum because, "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely v. Washington*, 542 U.S. 296, 303 (2005). But because Cheney was sentenced under an advisory Guidelines scheme, which does not implicate *Apprendi* Sixth Amendment concerns, "the maximum statutory penalty that the district court could impose was determined by the statute of conviction, rather than by a Guidelines range calculated using only jury findings." *Sexton*, 512 F.3d at 330. Based on the jury verdict that Cheney's drug violations involved at least 100 kilograms of marijuana, the maximum statutory penalty was 40 years in prison. 21 U.S.C. § 841(b)(1)(B)(vii). Cheney's 97-month sentence falls well under that maximum and, therefore, the sentence is proper.

For these reasons, we AFFIRM Cheney's sentence.